UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL BELMONTE,<br><br>   Plaintiff,<br><br>   v.<br><br>S. PALOMARES, et al.,<br><br>   Defendants. | No.  2:19-cv-00163-TLN-CKD<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). The court will proceed to screen plaintiff's third amended complaint filed on April 30, 2020. ECF No. 36.

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6  In order to avoid dismissal for failure to state a claim a complaint must contain more than
7  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
8  of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
9  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim
11 upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
12 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
13 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
14 at 678. When considering whether a complaint states a claim upon which relief can be granted,
15 the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and
16 construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
17 U.S. 232, 236 (1974).

18 **II.     Allegations in the Amended Complaint**

19 At all times relevant to the allegations in the third amended complaint, plaintiff was an
20 inmate at Mule Creek State Prison who was receiving mental health services via the Enhanced
21 Outpatient Program ("EOP"). As in prior complaints, the majority of the allegations in the third
22 amended complaint challenge several rule violation reports ("RVRs") that plaintiff received in
23 2018. Plaintiff generally alleges that his due process rights were violated during the disciplinary
24 hearings associated with these RVRs. However, on the last page of his allegations, plaintiff
25 asserts that defendant Delgadillo retaliated against him by transferring him to a different prison
26 over 450 miles from his home prior to his release date. Plaintiff contends that he was transferred
27 because he filed multiple inmate grievances against Mule Creek staff.
28 /////

### III.  Legal Standards

#### A.  Linkage Requirement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

#### B.  Heck Bar

Because plaintiff is challenging multiple disciplinary convictions for which he was sanctioned with the loss of good conduct credit, these claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. Id. at 486–487. The Heck bar preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of incarceration or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750–751 (2004). Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005).

#### C.  Grievance Procedure

The existence of a prison grievance procedure establishes a procedural right only and

1   "does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495
2   (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)
3   (no liberty interest in processing of appeals because no entitlement to a specific grievance
4   procedure). This means that a prison official's action in reviewing an inmate grievance cannot
5   serve as a basis for liability under Section 1983. Buckley, 997 F.2d at 495. "Only persons who
6   cause or participate in the violations are responsible. Ruling against a prisoner on an
7   administrative complaint does not cause or contribute to the violation. A guard who stands and
8   watches while another guard beats a prisoner violates the Constitution; a guard who rejects an
9   administrative complaint about a completed act of misconduct does not." George v. Smith, 507
10  F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

   **D.  False Reports**

12  A prisoner has no constitutionally-guaranteed immunity from being falsely or wrongly
13  accused of conduct that may lead to disciplinary sanctions. See Sprouse v. Babcock, 870 F.2d
14  450, 452 (8th Cir. 1989). As long as a prisoner is afforded procedural due process in the
15  disciplinary hearing, allegations of a fabricated charge generally fail to state a claim under section
16  1983. See Hanrahan v. Lane, 747 F.2d 1137, 1140– 41 (7th Cir. 1984). An exception exists
17  when the fabrication of charges infringed on the inmate's substantive constitutional rights, such as
18  when false charges are made in retaliation for an inmate's exercise of a constitutionally protected
19  right. See Sprouse, 870 F.2d at 452 (holding that filing of a false disciplinary charge in retaliation
20  for a grievance filed by an inmate is actionable under section 1983).

   **E.  Retaliation**

22  "Within the prison context, a viable claim of First Amendment retaliation entails five
23  basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)
24  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's
25  exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate
26  correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted).
27  Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351
28  F.3d 1283, 1288 (9th Cir. 2003). A prison transfer may also constitute an adverse action. See

Rhodes, 408 F.3d at 568 (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

### IV.     Analysis

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law.  The court screened plaintiff's first amended complaint and dismissed it with leave to amend on March 21, 2019 because the challenges to his disciplinary conviction were barred by Heck v. Humphrey, 512 U.S. 477 (1994).  ECF No. 11.  As in the first amended complaint, plaintiff's challenges to his disciplinary convictions from 2018 fail to state a claim upon which relief may be granted due to the Heck bar.  Plaintiff does not allege a cognizable claim against defendants who allegedly wrote the false RVRs because there is no allegation that they were written in retaliation for plaintiff's prior grievances or other protected conduct.  Plaintiff's allegation of retaliation by defendant Delgadillo fails to state a claim because plaintiff does not allege that the prison transfer chilled his First Amendment rights or that the transfer did not reasonably advance a legitimate correctional goal.  See Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005).  For all these reasons, plaintiff's third amended complaint must be dismissed. Because this is only the second complaint that the court has screened, plaintiff will be granted one final opportunity to amend his complaint as these deficiencies may be curable.[1] As plaintiff has been previously warned, any supplemental claim filed in a separate pleading will be stricken from the docket and not considered by the court.  See ECF No. 29 at 3.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

---

[1] Plaintiff filed a first amended complaint before the court could screen his original complaint. Additionally, the court determined that plaintiff's second amended complaint was incapable of being screened due to the numerous supplemental pleadings that plaintiff filed.  See ECF Nos. 11, 29, 34.

1  § 1983 unless there is some affirmative link or connection between a defendant's actions and the
2  claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory
3  allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of
4  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5  Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to
6  make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
7  complaint be complete in itself without reference to any prior pleading. This is because, as a
8  general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
9  F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
10 longer serves any function in the case. Therefore, in an amended complaint, as in an original
11 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

12 **V.     Plain Language Summary for Pro Se Party**

13 The following information is meant to explain this order in plain English and is not
14 intended as legal advice.

15 Your third amended complaint is being dismissed because it fails to state any cognizable
16 claim for relief. You are being given one last opportunity to file a fourth amended complaint as
17 the deficiencies identified in this order may be fixable. If you choose to file a fourth amended
18 complaint, pay careful attention to the legal standards explained in this order.

19 In accordance with the above, IT IS HEREBY ORDERED that:

20 1. Plaintiff's supplemental claim (ECF No. 37) is stricken from the docket as it was filed
21 in violation of this court's January 13, 2020 order.

22 2. Plaintiff's third amended complaint (ECF No. 36) is dismissed.

23 3. Plaintiff is granted thirty days from the date of service of this order to file an amended
24 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
25 Procedure, and the Local Rules of Practice. The amended complaint must bear the docket
26 /////
27 /////
28 /////

number assigned this case and must be labeled "Fourth Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 1, 2020

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/belm0163.screening(3).docx